# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HERMELINDO QUIB XOL,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 26-4683** |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, Warden, Federal** | : | |
| **Detention Center, Philadelphia, *et al.*,** | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 8th day of July 2026, upon consideration of Petitioner Hermelindo Quib Xol's, ("Petitioner"), *petition for writ of habeas corpus*, (the "Petition"), (ECF 1), and Respondents' response in opposition,[1] (ECF 4), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition for a writ of *habeas corpus* is **GRANTED**,[2] as follows:

---

[1] Petitioner named as Respondents the following individuals and agencies, *to wit*: J.L. Jamison, Waren of the Philadelphia Federal Detention Center, (the "FDC"); John Rife, Acting Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; Markwayne Mullin, Secretary of the Department of Homeland Security, ("DHS"); Todd Blanche, Acting Attorney General of the United States; DHS; and the Executive Office for Immigration Review, ("EOIR"). (ECF 1).

[2] Petitioner is a native of Guatemala who is alleged to have entered the United States at the U.S.-Mexico border in or around 2023. (Pet., ECF 1 at ¶¶ 1, 17); (ECF 4 at p. 4). According to Petitioner, upon encountering DHS officers shortly after entering the country, he was detained, processed, and released to live in Philadelphia, Pennsylvania. (*Id.* at ¶ 18).

Petitioner has an immigration hearing scheduled for July 29, 2026, at the Elizabeth Immigration Court. (*Id.* at ¶ 20). On July 5, 2026, DHS officials stopped Petitioner on the street in Philadelphia, detained him without an opportunity to contest his detention, (*id.* at ¶ 21), and detained him at the FDC, (*id.* at ¶ 22).

By way of the underlying Petition, Petitioner seeks *habeas* relief in the form of immediate release from detention or, alternatively, a bond hearing in which the Government bears the burden to justify Petitioner's continued detention. Petitioner also requests the return of his personal property, including identification and documents. (*Id.* at p. 20). Petitioner further argues that his detention violates the Immigration Nationality Act, ("INA"), his rights under the Fifth Amendment Due Process Clause of the United States Constitution, and the Administrative Procedures Act, ("APA"). In its response, the Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and that his detention comports with constitutional due process. Each argument is addressed in turn.

As noted, Petitioner argues that his detention violates the plain language of the INA because Section 1225(b)(2) does not apply to individuals like Petitioner, who have already entered and were residing in the United States at the time they were apprehended. Rather, Petitioner argues, individuals such as him are subject to § 1226(a). In its response, the Government reiterates an argument that this Court and others in this district and throughout the country have addressed and rejected. Specifically, the Government argues that as Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that his detention under Section 1225(b)(2) is lawful.

As to the Government's position that Section 1225(b)(2) justifies Petitioner's detention, this Court herein incorporates by reference its many rulings on this very issue and again finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Kumar v. McShane*, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). The Court further finds that DHS' present authority to detain Petitioner lies at best, within Section 1226(a), because he is a noncitizen who was paroled into the country without immigrant status. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."). As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA. *See id.*

Petitioner further argues that his detention violates procedural due process because it was imposed without notice, hearing, and any individualized determination; and substantive due process because it was imposed without statutory authorization and individualized justification. As counter, the Government argues that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and has not yet reached an unreasonable duration.

To determine whether an immigrant detainee's substantive due process rights have been violated, "the Court must determine whether [the] detention is rationally connected to a legitimate government purpose and whether it is excessive in relation to that purpose." *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 42 (M.D. Pa. 2025) (citation modified). The Supreme Court has recognized presumptive limitations on the length of immigration detention in inapposite contexts. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (announcing that, for detention authorized under 8 U.S.C. § 1231(a)(6), six months is a presumptively reasonable period of detention). Here, the Government's proffered justification for Petitioner detention is unpersuasive. The record supports Petitioner's years of compliance with immigration authorities. The Court strains to reason how his continued detention furthers the Government's interest of conducting removal proceedings because Petitioner's detention appears to bear no impact on the Government's ability to remove him. Accordingly, his detention violates substantive due process.

As to procedural due process, the Court applies the *Mathews v. Eldrige* balancing test. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner's continued compliance with immigration authorities requires his detention. Finally, considering the Government's interest, the Court finds that the function and burden—if any exist—on the Government to provide Petitioner with due process come nowhere near so weighty as to justify the current intrusion on his rights. On balance, the *Mathews* factors lead this Court to find that the Government's failure to afford Petitioner with any form of due process in effectuating his detention violates procedural due process.

Finally, Petitioner argues that he is aggrieved under the APA by the Government's arbitrary detention of him without any indication that his circumstances have changed such that he is now a danger

2

1. The Government's mandatory detention of Petitioner Hermelindo Quib Xol under 8 U.S.C. § 1225(b)(2) violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner Hermelindo Quib Xol is in custody in violation of the law and the Constitution of the United States, he is to be ***immediately*** released from the Federal Detention Center in Philadelphia, Pennsylvania;

3. The Government is further directed to return to Petitioner Hermelindo Quib Xol any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on July 5, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on July 9, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

or flight risk.  Because this Court finds that Petitioner's detention violates the INA and due process, this Court need not and will not reach Petitioner's APA argument.

In light of the statutory and due process violations, Petitioner further seeks his immediate release from custody or, alternatively, an order requiring a bond hearing.  Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy.  A *habeas* court is empowered to "dispose of the matter as law and justice require."  28 U.S.C. §§ 2241(a), 2243.  "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention."  *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights.  *See* 28 U.S.C. § 2241(c)(3).  Consequently, this Court finds that law and justice require Petitioner's immediate release.  Given that Petitioner's request for immediate release is granted, the Court declines to consider his request for a ruling setting aside the Government's policy as outside the bounds of the ordered *habeas* relief.

3